IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 22-10016-JWB

ROBERTO VELIZ-HERNANDEZ,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to revoke the magistrate judge's detention order. (Doc. 14.) The court held a hearing on the motion on April 20, 2022, and took the motion under advisement. For the reasons stated herein, Defendant's motion is DENIED.

**I. Background**

A complaint was filed on March 16, 2022, alleging probable cause to believe that Defendant violated 8 U.S.C. § 1326(a) by being an alien unlawfully found in the United States after having been previously deported and having not obtained permission to reenter. (Doc. 1.) The complaint included an affidavit alleging that Defendant had been booked into the Sherman County, Kansas, jail on March 1, 2022, after an arrest for distribution of marijuana greater than 30 kilograms. (*Id.* at 4.) It also alleged that records showed Defendant had been previously ordered removed to Mexico from the United States in November 2007 (at Alexandria, Louisiana), in August 2009 (at Laredo, Texas), in September 2011 (Alexandria, Louisiana), in May 2016 (Laredo, Texas), and in July 2018 (El Paso, Texas). (*Id.* at 5.) It further alleged Defendant had a 2009 criminal conviction in Houston County (Texas) for burglary of a vehicle, a 2009 conviction

in Harris County (Texas) for theft of property greater than $1500, a 2019 conviction in the United States District Court for the District of Colorado for violation of 8 U.S.C. § 1326(a) and (b), and the 2022 arrest in Sherman County, Kansas, mentioned above. (*Id.* at 6.) The affidavit alleged that after being removed, Defendant repeatedly re-entered the United States on unknown dates in an unknown manner of travel at points other than a designated port of entry and without inspection by an immigration officer. (*Id.* at 7.)

Defendant made his initial appearance in this court on March 21, 2022, before United States Magistrate Judge Kenneth G. Gale. The government made an oral motion for detention and requested a detention hearing under 18 U.S.C. § 3142(f)(2)(A), arguing Defendant was a flight risk.[1] The government made an oral proffer in support of the motion describing some of the circumstances noted above. Magistrate Judge Gale ordered Defendant temporarily detained and granted the government's request for a detention hearing pursuant to § 3142(f)(2)(A). (Doc. 9.) An indictment charging Defendant with one count of violating 8 U.S.C. § 1326(a) and (b)(1) was filed March 22, 2022. (Doc. 8.) Following a hearing on March 25, 2022, Magistrate Judge Gale ordered that Defendant be detained pending trial, finding by a preponderance of the evidence that no combination of conditions of release would reasonably assure Defendant's appearance as required. (Doc. 13 at 2.)

Defendant has moved for review of the detention order. He first argues that under *United States v. Ailon-Ailon*, 875 F.3d 1334, 1336 (10th Cir. 2017), the detention decision under § 3142(f)(2)(A) is a two-step process, under which the court must first determine whether the case involves a serious risk that the defendant will flee. If the court determines there is such a risk, the

---

[1] The government also requested an order of temporary detention pursuant to 18 U.S.C. § 3142(d). Defendant did not oppose the request for temporary detention, but opposed the government's request for a detention hearing under 18 U.S.C. § 3142(f)(2)(A).

2

government must prove at the second step that no combination of conditions will reasonably assure the defendant's appearance. Defendant argues detention "fails at step one" in this case because the case "does not involve … a serious risk" that Defendant will flee. (Doc. 14 at 3.)

**II. Standards**

If a person is ordered detained by a magistrate judge, the person may file a motion for amendment or revocation of the order. 18 U.S.C. § 3145(b). The district court's review of a magistrate judge's order of detention or release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f). The court may allow the parties to present information by proffer or it may insist on direct testimony. *See id*.

Under the Bail Reform Act of 1984, the government may move for pretrial detention of a defendant in certain circumstances, including "in a case that involves … a serious risk that such person will flee…." § 3142(f)(2)(A). If the court determines there is such a risk, the government must then prove that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "The government bears the burden of proving a defendant is a flight risk by a preponderance of the evidence." *Ailon-Ailon*, 875 F.3d at 1337 (citing *Cisneros*, 328 F.3d at 616). There is no allegation here that Defendant's release would pose a danger to the safety of anyone; the government seeks detention solely on the basis that Defendant would pose a flight risk if

3

released. In determining whether there are conditions of release that will reasonably assure the appearance of the person, the court must consider the available information concerning:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

### III. Analysis

The court has considered the record in this case, the proceedings before the magistrate judge, the pretrial services report prepared by the United States Probation Office, and the proffers and arguments presented by counsel at the April 20 hearing. Based on these materials, and for reasons indicated below, the court finds the government has shown by a preponderance of the evidence that the case involves a serious risk that Defendant will flee if released. Additionally, the court finds the government has shown by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

At the outset the court notes Defendant's argument that "grounds do not exist to hold a hearing pursuant to § 3142(f)," and that "[d]etention is not authorized by § 3142(e) because the Court may not hold a hearing pursuant to § 3142(f)." (Doc. 14 at 3,4.) Subsection (f) *requires* a

hearing in certain circumstances, but nothing in § 3142 *precludes* this court from holding a hearing to make any required factual determination, including whether a defendant poses a flight risk. It would be strange indeed – and perhaps of questionable constitutional validity – if the statute required the court to make factual findings without first allowing the parties to be heard. At any rate, Defendant has requested a de novo hearing of the magistrate judge's order of detention, which this court has now conducted, and based on the materials noted above the court finds the government has shown that detention is appropriate in this case. Moreover, the factors set forth in § 3142(g) are clearly relevant both to the determination of flight risk and whether there are conditions of release that will reasonably assure the appearance of the person.

    A. <u>Nature and circumstances of the offense charged</u>. Defendant is charged with one count of unlawful re-entry under 8 U.S.C. § 1326(a) and (b)(1). If convicted of the offense under subsection (b)(1), Defendant would face a maximum potential sentence of imprisonment of ten years, which is a substantial penalty. Such a penalty is significant enough to provide some incentive to flee, and that incentive is enhanced in light of other factors including Defendant's significant ties to Mexico.

    B. <u>The weight of the evidence</u>. The government's proffer indicates that the weight of the evidence against Defendant is strong.

    C. <u>History and characteristics of Defendant</u>. According to the pretrial services report and other information, Defendant is a citizen of Mexico. He completed the seventh grade in Mexico. His father and six of his siblings reside in Mexico, while one sibling resides in Houston, Texas. Defendant maintains contact with his family. Defendant also reports owning a residence in Mexico. Defendant thus has substantial ties and contacts with Mexico and with family members living in Mexico. At the same time, Defendant lacks any ties to Wichita or to Kansas. He has no

family, property, or economic ties to Kansas. He is young (36 years old) and in good health. Defendant reports that he works in construction but declined to identify his employer. There is no other information substantiating his employment. Defendant's residence and family situation appear to be somewhat unstable. Defendant reports having rented a residence in Jackson, Mississippi, for the last seven months, where he allegedly lives with his partner (whom he considers his common law wife) and three of his or her children. Some of his other children reside with family in Mexico. Defendant's partner and two of her children are currently reported to be living in Houston with family. Information indicates Defendant has also previously lived in Houston, Las Vegas, and Denver.

The present record indicates Defendant has been deported and reentered the United States unlawfully several times. As *Ailon-Ailon* makes clear, the possibility that Defendant may be involuntary removed is not, in and of itself, evidence that he is likely to "flee," as the latter term in § 3142(f)(2)(A) "suggests volitional conduct." *Ailon-Ailon*, 875 F.3d at 1338. But Defendant's apparent history of repeatedly voluntarily entering the United States unlawfully by unknown means, and his apparent willingness and ability to evade immigration authorities in doing so, suggests that he does not want to be involuntarily removed from this country. Accordingly, the potential for involuntary removal, combined with the potential incarceration Defendant faces if convicted in this case and the pending state drug-trafficking case, gives rise to a substantial risk that he might flee to avoid both incarceration and removal if he were given the opportunity. Other factors add to that conclusion, such as Defendant's lack of ties to the area, his lack of long-term ties to his present residence, his unsubstantiated employment, his unstable family situation, and his substantial ties to Mexico. In total, the available information on these factors suggests there is a substantial likelihood that Defendant would flee if released.

Other factors support the same inference. The pretrial services report indicates Defendant has some history of substance abuse. Although it indicates Defendant's prior use of several substances (including cocaine, marijuana, and methamphetamine) was limited and well in the past, Defendant was recently arrested in Kansas and charged with distribution of a large amount of marijuana. Defendant is facing potential penalties from the state charges in addition to the penalties he faces here. The court has also considered the fact that Defendant has some criminal history, including the offenses mentioned previously.

D. <u>Danger to the community</u>. The government does not argue that Defendant would pose a danger to the community if released.

In sum, when the foregoing factors are weighed and considered together, on balance they support a finding by a preponderance of the evidence that Defendant poses a serious risk of flight if released, and that no combination of conditions would reasonably assure his appearance as required. In connection with this determination, the court has considered the options available for imposing release conditions, including those set forth in § 3142(c), but finds in light of the factors discussed above that such conditions are not feasible in this case and will not provide reasonable assurance of Defendant's appearance.

**IV. Conclusion**

Defendant's motion (Doc. 14) to revoke the magistrate judge's order of detention is DENIED. The court finds that the case involves a serious risk that Defendant will flee if released, and that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Defendant is accordingly committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded

reasonable opportunity for private consultation with counsel. Upon order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

      s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE